UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNG MYN PARK, MIN SOOK SUH,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA; BANK OF AMERICA, N.A.; BRIAN T. MOYNIHAN, DAVID C. DARNELL; GARY G. LYNCH; THOMAS K. MONTAG and Does 1-XXXX, et al.,<br><br>　　　　Defendants. | No.　CIV. S-13-1717 LKK/DAD<br><br><br>**ORDER** |

## I. BACKGROUND

This is a mortgage foreclosure case.  Plaintiffs sue Bank of America, and its officers, for violations of California law only.  Complaint (ECF No. 1).  The Complaint contains no statement of federal jurisdiction, although such a statement is required by Fed. R. Civ. P. 8(a)(1) (the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction").

Defendants have noticed a motion to dismiss for lack of federal jurisdiction, and on other grounds.  ECF No. 7.  Plaintiffs oppose the motion on the grounds that the complaint

1

pleads facts showing that diversity jurisdiction exists. ECF No. 15.

The complaint will be dismissed with leave to amend. The court finds that the motion can be decided on the submitted papers, and accordingly **VACATES** the January 13, 2014 hearing.

## II. ANALYSIS – DIVERSITY JURISDICTION

### A. Citizenship

One requirement for diversity jurisdiction is that the lawsuit must be between citizens of different states. 28 U.S.C. § 1332(a)(1). The complaint does not allege the citizenship of the plaintiffs at all, and insufficiently alleges the citizenship of defendants "Bank of America aka Bank of America Home Loans" (alleged to be a corporation), and Bank of America, N.A. Thus the Complaint fails to allege the required jurisdictional facts.[1]

The Complaint does not adequately allege the citizenship of Bank of America, N.A., since it is a citizen not only of the state of its principal place of business, but also where its "main office" is located. See <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006) ("we hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"); <u>Guinto v. Wells Fargo Bank</u>, 2011 WL 4738519 at *3 (E.D. Cal. 2011) (Karlton, J.) (the national bank "has its principal place of business in California. Accordingly, it is a citizen of

---

[1] Plaintiffs appear to have sufficiently alleged the citizenship of the individual defendants by alleging their state of domicile. <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is … determined by her state of domicile").

2

1  California"). Plaintiffs have not alleged the location of the
2  Bank's main office.
3    The Complaint insufficiently alleges the citizenship of Bank
4  of America aka Bank of America Home Loans because it is a citizen
5  not only of the state where it has its principal place of
6  business, but also where it is incorporated.  28 U.S.C.
7  § 1331(c)(1).  The Complaint does not allege where this defendant
8  is incorporated.
9        **B.   Amount in Controversy.**
10    Another requirement for diversity jurisdiction is that the
11 "amount in controversy" must exceed "the sum or value of $75,000,
12 exclusive of interest and costs."  28 U.S.C. § 1332(a).
13 Plaintiffs allege that they are entitled to statutory damages of
14 $50,000, and in addition, that they are entitled to trebled
15 statutory damages of $150,000.  Complaint ¶ 21.  Plaintiffs'
16 "citation" for these assertions is "923.5."  The citation does
17 not specify in which of the thirty-four or so California Codes
18 "923.5" can be found.
19    The court assumes that plaintiffs, who are represented by
20 counsel, are actually referring to "Cal. Civ. Code § 2923.5,"
21 which appears to address the alleged practices plaintiffs
22 challenge in the Complaint.  However, "Civil Code section 2923.5
23 does not provide for damages ….  The statute was 'carefully
24 drafted to avoid bumping into federal law' regulating home loans.
25 As a result, the sole available remedy is 'more time' before a
26 foreclosure sale occurs").  <u>Stebley v. Litton Loan Servicing,
27 LLP</u>, 202 Cal. App. 4th 522, 526 (3rd Dist. 2011) (citation
28 omitted).

3

Scouring the California Codes for the source of plaintiffs' assertion that they are entitled to $50,000 in statutory damages, the court finds Cal. Civil Code § 2924.12, which provides for $50,000 in statutory damages for a "material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17." Alternatively, it provides for treble "actual damages."

Assuming this is the legal basis for plaintiffs' assertion of statutory damages and trebled damages, plaintiffs appear to have misinterpreted the plain language of the statute. It does not provide for treble <u>statutory</u> damages as plaintiffs seem to believe, but rather, for treble <u>actual</u> damages. See <u>Jolley v. Chase Home Finance, LLC</u>, 213 Cal. App. 4th 872, 905 (1st Dist. 2013) ("those who have lost their homes may seek treble actual damages or statutory damages of $50,000, whichever is greater"). At best, then, plaintiffs, who have not alleged any amount of actual damages, have alleged $50,000 as the amount in controversy. This is not enough to satisfy the jurisdictional amount.

### III. SUMMARY

For the reasons stated above, defendants' motion to dismiss the Complaint is **GRANTED**, and the Complaint is hereby **DISMISSED** for lack of federal jurisdiction, with leave to amend. If plaintiffs choose to amend their Complaint, (1) they shall do so no later than thirty (30) days from the date of this order, (2) the amended complaint shall contain a <u>separate</u>, short and plain statement of federal jurisdiction, and (3) the amended complaint shall, in all other ways, comply with Fed. R. Civ. P. 8

4

and 11, and all other applicable rules.[2]

    IT IS SO ORDERED.

    DATED:  December 20, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiffs, having filed this state law based lawsuit directly in federal district court, should be aware that if they successfully plead the jurisdictional amount but fail to recover at least $75,000 in a final judgment, "the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."  28 U.S.C. § 1332(b).